**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHEN-SHIANG DONALD LIN,

      Plaintiff, *pro se*,

vs.                                          No. CIV 98-1470 JC/DJS

F. WHITTEN PETERS, Acting
Secretary for the Department of the Air Force,
and DAVID DIETZ,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of: (1) Defendants' Motion to Dismiss Defendant David Dietz, filed March 24, 2000 *(Doc. 9)*; (2) Defendants' Motion to Dismiss Defendant for Failure to Serve, filed August 15, 2000 *(Doc. 12)*; (3) Plaintiff's Motion of Request for Hearing, filed August 30, 2000 *(Doc. 15)*; and (4) Plaintiff's Motion of Request for Jury, filed August 30, 2000 *(Doc. 16)*. The Court has reviewed the motions, memoranda and exhibits submitted by the parties, and the relevant authorities.

**I.**     **Background**

Plaintiff Chen-Shiang Donald Lin alleges employment discrimination against the Air Force Research Laboratory at Kirtland Air Force Base in New Mexico. Plaintiff, a civilian employee, alleges that he was discriminated against because he was assigned to a hostile working environment and not given an appropriate computer system to do his job. *See* Complaint at 2, filed December 1, 1998 *(Doc. 1)*. Plaintiff also maintains that he received a low score on his

performance evaluation and was subjected to retaliation.  *See id.*  Consequently, Plaintiff asserts two causes of action:  Count I - Lack of Equal Opportunity to Work, and Count II - Unfair and Untrue Performance Evaluation and Statements.  *See id.* at 3.

On May 14, 1999, this Court issued an Order to Show Cause directing Plaintiff to effect service in order to avoid dismissal pursuant to Fed. R. Civ. P. 4(m) *(Doc. 3)*.  On May 20, 1999, Plaintiff personally served Defendant Dietz.  *See* Summons in a Civil Case, filed May 21, 1999 *(Doc. 4)*.  On June 8, 1999, Plaintiff also served Defendant Peters by leaving documents with "Raul Berbara, Officer, authorized to accept at 1501 Wilson Boulevard, #700, Arlington, Virginia 22201."  *See* Summons in a Civil Case, filed June 25, 1999 *(Doc. 6)*.  Finally, on June 14, 1999, Plaintiff filed a Response to the Order to Show Cause, whereby he stated that Defendant Peters was served a summons, complaint, and motion of hearing by the Capitol Process Services.  *See* Pl.'s Response to the Order of Cause and Effective Serve, filed June 14, 1999 *(Doc. 5)*.  However, there is no certification on this document showing that a copy was delivered to the Defendants.  Now, Defendants move to dismiss Defendant Peters for failure to perfect proper service.  *See* Defendants' Motion to Dismiss for Failure to Serve *(Doc. 12)*.

Defendant Dietz also moves for dismissal, alleging that the only proper defendant in a Title VII action is the Secretary of the Department of the Air Force.  *See* Defendants' Motion to Dismiss Defendant David Dietz, filed March 24, 2000 *(Doc. 9)*.  Defendant Dietz was a Senior Research Physicist for the Air Force Research Laboratory at Kirtland Air Force Base, and a former supervisor of the Plaintiff.  Because Plaintiff failed to respond to Defendants' motion, the Court directed the Plaintiff either to file a response to the Motion to Dismiss Defendant David Dietz or show good cause why a response was not filed.  *See* Order to Show Cause, filed August

2

21, 2000 *(Doc. 13)*.  In response, Plaintiff filed a motion requesting that the Court deny the Motion to Dismiss Defendant Dietz on the following grounds:  (1) Defendant Dietz was Plaintiff's former supervisor; (2) the alleged actions of Defendant Dietz were not supported by various Air Force policies; (3) the alleged actions caused Plaintiff to lose his permanent career position in civil service; (4) Plaintiff lacks professional legal knowledge of applicable legal procedure; and (5) Plaintiff cannot afford an attorney; and (6) Defendant's Motion is a manipulation of legal procedure.  *See* Pl.'s Motion of Denying Remove Defendant, filed August 30, 2000 *(Doc. 14)*.  Plaintiff also filed a "Motion of Request for Hearing" and a "Motion of Request for Jury."  *See* Pl.'s Motions, filed August 30, 2000 *(Docs. 15 and 16)*.

**II.     Analysis**

    **A.     Motion to Dismiss Defendant David Dietz**

The first motion before the Court is Defendants' Motion to Dismiss Defendant David Dietz for failure to name a proper party *(Doc. 9)*.  Accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff, the district court may appropriately dismiss a complaint only when it appears that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *See Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir.1997).

An action under Title VII based on federal employment discrimination must be brought against the appropriate head of the concerned department, agency, or unit.  *See* 42 U.S.C. § 2000e-16(c); *see also Hall v. Small Business Admin.*, 695 F.2d 175, 180 (5th Cir. 1983). When a military department is involved, the secretary of the respective service is the proper defendant. *See Gonzales v. Secretary of Air Force*, 824 F.2d 392, 393-95 (5th Cir. 1987); *see also Munoz v.*

*Orr*, 559 F. Supp. 1017, 1020 (W.D. Tex. 1983);.  Thus, the Secretary of the Air Force is the proper defendant when a Title VII case based on federal employment discrimination is asserted against the Air Force.  *See Belhomme v. Widnall*, 127 F.3d 1214 (10th Cir. 1997); *see also Pacheco v. Rice,* 1991 WL 350043 (W.D.Tex. 1991); .

Upon order of the Court, Plaintiff filed a motion attempting to show cause as to why he did not file a response and to show why Defendant Dietz should remain as a defendant.  *See* Pl.'s Motion of Denying Remove Defendant, filed August 30, 2000 *(Doc. 14)*.  The Court finds that Plaintiff's motion is not well taken, and his reasons for failing to file a response are without merit.  Plaintiff argues that Defendant Dietz should remain as a defendant simply because he was Plaintiff's former supervisor and his actions were unsupported by Air Force policies.  *See id.*  However, Plaintiff completely fails to address the issue of whether Defendant Dietz could be sued under Title VII action.  Regardless, 42 U.S.C. § 2000e-16(c) and supporting case law clearly establish that Defendant Dietz is not a proper party.  The only proper party in a Title VII action is the Secretary of the Air Force.  Accordingly, the Motion to Dismiss Defendant David Dietz is granted, and he is hereby dismissed.

**B.     Motion to Dismiss for Failure to Serve**

The second motion before the Court is Defendants' Motion to Dismiss for Failure to Serve, claiming that Plaintiff failed to effect proper service upon Defendant Peters *(Doc. 12)*.  Plaintiff filed his Complaint on December 1, 1998. Under FED. R. CIV. P. 4(m), a plaintiff is obligated to serve the summons and complaint upon a defendant within 120 days after the filing of the complaint.  If such service is not made, the court shall dismiss the action without prejudice or direct that the service be effected within a specified time.  *See* FED. R. CIV. P. 4(m).  A decision

4

to dismiss a complaint under Rule 4(m) for failure to serve a defendant within the 120-day time limit without good cause is a matter within the district court's discretion. *See Henry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997); *see also Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998).

FED. R. CIV. P. 4(i) outlines the requirements for proper service upon the United States, and its agencies, corporations, or officers. For instance, to effect proper service upon the Secretary for the Department of the Air Force, a plaintiff must deliver a copy of the summons and the complaint to the United States attorney for the district in which the action is brought. *See* FED. R. CIV. P. 4(i)(1)(A). A plaintiff must also send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States. *See* FED. R. CIV. P. 4(i)(1)(B). In this case, Plaintiff was directed by this Court to effect proper service in order to avoid dismissal. *See* Order to Show Cause, filed May 14, 1999 *(Doc. 3)*. According to the record, Plaintiff only served Defendant Peters on June 8, 1999; however, he failed to meet the remaining requirements of FED. R. CIV. P. 4(i).

A similar situation occurred in *Espinoza v. United States,* 52 F.3d 838, 842 (10th Cir. 1995). Mr. Espinoza failed to serve either the United States Attorney or the Attorney General within the 120-day period, and he had not shown good cause for the delay. *See id.* Nevertheless, the Tenth Circuit determined that it was appropriate to grant the plaintiff an extension under FED. R. CIV. P. 4(m) because of the complex nature of the requirements of FED. R. CIV. P. 4(i) and the fact that the plaintiff was proceeding *pro se*. *See id.*; *see also Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997) ( "Rule 4(m) broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause"). Therefore, this Court

will grant an extension of time to Plaintiff to perfect service since he is proceeding *pro se*. Accordingly, Plaintiff will have 30 days from the date of entry of this Order to effect service, or show good cause as to why service has not been completed, in order to avoid dismissal.

### C.     Plaintiff's Request for a Jury

Also before the Court is Plaintiff's Motion of Request for Jury, filed August 30, 2000 *(Doc. 16)*. Plaintiff alleges discriminatory acts that may constitute a violation of Title VII provisions, and he refers to Title VII protected categories. Under the 1991 Amendments of Title VII, plaintiffs who complain of intentional employment discrimination and request compensatory damages may demand a trial by jury. *See West v. Gibson*, 119 S. Ct. 1906, 1909 (1999); *United States v. Burke*, 504 U.S. 229, 241 (1992). Accordingly, Plaintiff is entitled to a jury for his Title VII claims, and his motion is granted.

### D.     Plaintiff's Motion for a Hearing

Finally, Plaintiff seeks a hearing before the Court. *See* Plaintiff's Motion of Request for Hearing, filed August 30, 2000 *(Doc. 15)*. The Court finds no need for a hearing on the issues presently before the Court. Therefore, Plaintiff's motion is denied.

Wherefore,

IT IS ORDERED that Defendants' Motion to Dismiss Defendant David Dietz, filed March 24, 2000 *(Doc. 9)* is granted, and this cause of action dismissed with prejudice.

IT IS ORDERED that Defendants' Motion to Dismiss Defendant for Failure to Serve, filed August 15, 2000 *(Doc. 12)* is denied.

IT IS FURTHER ORDERED that Plaintiff must effect service or show good cause why Defendant has not been served within 30 days of the date of entry of this Order.

IT IS ORDERED that Plaintiff's Motion of Request for Jury, filed August 30, 2000 *(Doc. 16)* is granted *(Doc. 16)*.

IT IS ORDERED that Plaintiff's Motion for Request for Hearing, filed August 30, 2000 *(Doc. 15)* is denied.

DATED this 21st day of December, 2000.

_____
SENIOR UNITED STATES DISTRICT JUDGE


Chen-Shang Donald Lin

>   Plaintiff, *pro se,*
>   Albuquerque, New Mexico

Attorney for Defendant:

>   Michael H. Hoses, Esq.
>   Assistant U.S. Attorney
>   Albuquerque, New Mexico