# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CHEN-SHIANG DONALD LIN,**

      Plaintiff,

**v.**                                                                          CIV No. 98-1470 JC/DJS

**F. WHITTEN PETERS,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment, filed August 29, 2001 (*Doc. 29*). The Court has reviewed the motion, memoranda and exhibits submitted by the parties, and the relevant authorities. Defendant's motion is hereby granted.

### I.    Background

Plaintiff Chen-Shiang Donald Lin alleges employment discrimination against the Air Force Research Laboratory at Kirtland Air Force Base in New Mexico. Plaintiff, a civilian employee, alleges that he was discriminated against due to being assigned to a hostile working environment and not given an appropriate computer system with which to perform his job. *See* Plaintiff's Complaint at 2, filed December 1, 1998 (*Doc. 1*). Plaintiff also contends that he received a low score on his performance evaluation and was subjected to retaliation. *See id.* On December 22, 2000, in a Memorandum, Opinion and Order, this Court: (1) granted Defendants' Motion to Dismiss Defendant David Dietz; (2) denied Defendants' Motion to Dismiss Defendant for Failure to Serve; (3) ordered that Plaintiff must effect service or show good cause why Defendant had not been served within 30 days of the date of entry of this Order; (4) granted Plaintiff's Motion of Request for Jury; and (5)

denied Plaintiff's Motion for Request for Hearing. *See* Memorandum, Opinion and Order, filed December 21, 2000 (*Doc.19).*

## II. Standard of Review

Under FED R. CIV. P. 12(B)(1), a defendant may raise the defense that the court lacks subject matter jurisdiction over the claim. Because federal courts are courts of limited jurisdiction, a court must dismiss an action if it determines that it lacks jurisdiction. *See Hahn v. United States Postal Serv.*, 56 F.3d 77, 77 (10th Cir. 1995).

*Pro se* litigants' pleadings must be construed liberally and held to a less stringent standard than those prepared by legally-trained attorneys who are well versed in the rules of procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th 1991) (citations omitted). As a result, courts should not dismiss *pro se* pleadings due to technical errors or misapplication of legal authority, confusion of legal authorities, or poor syntax and sentence structure. *See id.* at 1110. Yet, it is also not the court's duty or responsibility to become the pro se litigant's advocate. *See id.* This rule applies to all proceedings. *See id.* at 1110 n. 3.

## III. Analysis

Although Plaintiff incorrectly asserts his cause of action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), this Court will construe his action as proper under Title VII. *See* Civil Rights Act of 1964, § 717, as amended 42 U.S.C. § 2000e-16.[1]

Before a federal employee may utilized the resources of the federal judiciary under Title VII,

---

[1] This section provides:
> (a) All personnel actions affecting employees or applicants for employment... in executive agencies (other than the General Accounting Office as defined in section 105 of Title 5 and in those units of the legislative and judicial branches of the Federal Government having positions in the competitive service, and in the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.

he must exhaust his administrative remedies as a jurisdictional prerequisite. *See Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir. 1980). When an employee files an EEOC appeal, he must either exhaust the appeal or wait 180 days prior to filing suit in a district court. *See Wright v. Henderson*, 1999 WL 1127641, *1 (10th Cir. 1999).

In this case, Kirtland's EEO office dismissed Plaintiff's complaint on July, 20, 1998. *See* Defendant's Memorandum in Support of Motion to Dismiss or in the Alternative Motion for Summary Judgment (Df's Memorandum), at 8, filed August 29, 2001 (*Doc. 30)*. On August 15, 1998, Plaintiff filed an appeal with the EEOC, Office of Operations. *See id.* Prior to the termination of the appeals process and 72 days before the expiration of the 180 day waiting period, Plaintiff filed this suit in district court. *See id*. Due to Plaintiff's failure to exhaust his administrative remedies and his failure to provide any arguments supporting jurisdiction, this Court finds that it lacks jurisdiction to hear the case.

Due to this Court's inability to assume jurisdiction, it will dismiss this case without prejudice. The 180 day period has clearly been exceeded, so Plaintiff may refile his complaint in federal court. Although Plaintiff may refile his cause of action, the Court entreats Plaintiff not to waste valuable judicial resources unless he honestly believes he can demonstrate a *prima facia* case of discrimination.

Wherefore,

IT IS ORDERED that Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment is granted.

DATED November 6, 2001.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Chen-Shang Donald Lin:

    Plaintiff, *pro se,*
    Albuquerque, New Mexico

Attorney for Defendant:

    Michael Hoses, Esq.
    Assistant U.S. Attorney
    Albuquerque, New Mexico